UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**VIRGINIA REDDING,**

      **Plaintiff,**

v.                                  Case No. 6:19-cv-1857-CEM-GJK

**COLOPLAST CORP.,**

      **Defendant.**

_____/

## VERDICT

### I. AFFIRMATIVE DEFENSE—STATUTE OF LIMITATIONS

1. Do you find from a preponderance of the evidence that the Plaintiff knew, or by the use of reasonable care should have known, on or before September 18, 2010, that she had been injured or damaged and that there was a reasonable possibility that the injury or damages was caused by a defect in the Defendant's product(s)?

      Answer:   Yes _____      No __X__

**Note:** If your answer to Question Number 1 is No, proceed to Question Number 2. If your answer to Question Number 1 is Yes, please stop and have your foreperson sign and date this Verdict Form without answering any of the remaining questions.

Page 1 of 9

## II. STRICT LIABILITY—DESIGN DEFECT

2. Do you find from a preponderance of the evidence that the Supris sling was defective because of a design defect?

    Answer:    Yes _____    No **X**

**Note:** Proceed to Question Number 3.

3. Do you find from a preponderance of the evidence that the Novasilk mesh was defective because of a design defect?

    Answer:    Yes **X**    No _____

**Note:** If your answer to **EITHER OR BOTH** Question Number 2 or Question Number 3 is Yes, proceed to Question Number 4. If your answer to **BOTH** Question Number 2 and Question Number 3 is No, proceed to Question Number 5.

4. Do you find from a preponderance of the evidence that the design defect(s) was a legal cause of the Plaintiff's injuries?

    Answer:    Yes **X**    No _____

**Note:** Proceed to Question Number 5.

## III. STRICT LIABILITY—FAILURE TO WARN

5. Do you find from a preponderance of the evidence that the Defendant failed to give the Plaintiff's implanting physician adequate warnings about the risks of the Supris sling?

    Answer:    Yes _____    No **X**

**Note:** Proceed to Question Number 6.

6. Do you find from a preponderance of the evidence that the Defendant failed to give the Plaintiff's implanting physician adequate warnings about the risks of the Novasilk mesh?

    Answer:    Yes __✗__    No _____

**Note:** If your answer to **EITHER OR BOTH** Question Number 5 or Question Number 6 is Yes, proceed to Question Number 7. If your answer to **BOTH** Question Number 5 and Question Number 6 is No, proceed to Question Number 8.

7. Do you find from a preponderance of the evidence that the failure(s) to warn was a legal cause of the Plaintiff's injuries?

    Answer:    Yes __✗__    No _____

**Note:** Proceed to Question Number 8.

### IV. NEGLIGENT MISREPRESENTATION

8. Do you find from a preponderance of the evidence that the Defendant made a statement concerning a material fact(s) that it believed to be true, but which was in fact false?

    Answer:    Yes __✗__    No _____

**Note:** If your answer to Question Number 8 is No, please skip to Question Number 13. If your answer to Question Number 8 is Yes, proceed to Question Number 9.

9. Do you find from a preponderance of the evidence that the Defendant was negligent in making the statement because it should have known that the statement was false?

Answer:     Yes __X__          No _____

**Note:** If your answer to Question Number 9 is No, please skip to Question Number 13. If your answer to Question Number 9 is Yes, proceed to Question Number 10.

10. Do you find from a preponderance of the evidence that in making the statement, the Defendant intended or expected that another would rely on the statement?

Answer:     Yes __X__          No _____

**Note:** If your answer to Question Number 10 is No, please skip to Question Number 13. If your answer to Question Number 10 is Yes, proceed to Question Number 11.

11. Do you find from a preponderance of the evidence that the Plaintiff's treating physician justifiably relied on the false statement?

Answer:     Yes __X__          No _____

**Note:** If your answer to Question Number 11 is No, please skip to Question Number 13. If your answer to Question Number 11 is Yes, proceed to Question Number 12.

12. Do you find from a preponderance of the evidence that the false statement was a legal cause of the Plaintiff's injuries?

Answer:     Yes __X__          No _____

**Note:** Proceed to Question Number 13.

### V.  FRAUDULENT CONCEALMENT

13. Do you find from a preponderance of the evidence that the Defendant intentionally concealed or failed to disclose a material fact(s)?

Answer: Yes __X__ No _____

**Note:** If your answer to Question Number 13 is No **AND** either you did not answer Question Numbers 4, 7, and 12 or your answers to **all** of Question Numbers 4, 7, and 12 are No, please stop and have your foreperson sign and date this Verdict Form without answering any of the remaining questions. If your answer to Question Number 13 is No **AND** your answer to **one or more** of Question Numbers 4, 7, and 12 is Yes, please skip to Question Number 18. If your answer to Question Number 13 is Yes, proceed to Question Number 14.

14. Do you find from a preponderance of the evidence that the Defendant knew or should have known that the material fact(s) should be disclosed or not concealed?

Answer: Yes __X__ No _____

**Note:** If your answer to Question Number 14 is No **AND** either you did not answer Question Numbers 4, 7, and 12 or your answers to **all** of Question Numbers 4, 7, and 12 are No, please stop and have your foreperson sign and date this Verdict Form without answering any of the remaining questions. If your answer to Question Number 14 is No **AND** your answer to **one or more** of Question Numbers 4, 7, and 12 is Yes, please skip to Question Number 18. If your answer to Question Number 14 is Yes, proceed to Question Number 15.

15. Do you find from a preponderance of the evidence that the Defendant knew that by concealing or failing to disclose the material fact(s) the Plaintiff's implanting physician would be induced to use the Supris sling and/or the Novasilk mesh devices?

Page 5 of 9

Answer: Yes __X__ No _____

**Note:** If your answer to Question Number 15 is No **AND** either you did not answer Question Numbers 4, 7, and 12 or your answers to **all** of Question Numbers 4, 7, and 12 are No, please stop and have your foreperson sign and date this Verdict Form without answering any of the remaining questions. If your answer to Question Number 15 is No **AND** your answer to **one or more** of Question Numbers 4, 7, and 12 is Yes, please skip to Question Number 18. If your answer to Question Number 15 is Yes, proceed to Question Number 16.

16. Do you find from a preponderance of the evidence that the Plaintiff's implanting physician detrimentally relied on the Defendant's statement that concealed or failed to disclose material information?

Answer: Yes __X__ No _____

**Note:** If your answer to Question Number 16 is No **AND** either you did not answer Question Numbers 4, 7, and 12 or your answers to **all** of Question Numbers 4, 7, and 12 are No, please stop and have your foreperson sign and date this Verdict Form without answering any of the remaining questions. If your answer to Question Number 16 is No **AND** your answer to **one or more** of Question Numbers 4, 7, and 12 is Yes, please skip to Question Number 18. If your answer to Question Number 16 is Yes, proceed to Question Number 17.

17. Do you find from a preponderance of the evidence that the Defendant's concealment or failure to disclose a material fact was a legal cause of the Plaintiff's injuries?

Answer: Yes __X__ No _____

**Note:** If your answer to Question Number 17 is No **AND** either you did not answer Question Numbers 4, 7, and 12 or your answers to **all** of Question Numbers 4, 7, and 12 are No, please stop and have your foreperson sign and date this Verdict Form without answering any of the remaining questions. If your answer to Question Number 17 is No **AND** your answer to **one or more** of Question Numbers 4, 7, and 12 is Yes, please proceed to Question Number 18. If your answer to Question Number 17 is Yes, please skip to Question Number 23.

## VI. COMPARATIVE FAULT

18. Do you find from a preponderance of the evidence that the Plaintiff was herself negligent in failing to seek appropriate treatment for her post-operative symptoms?

<u>Answer:</u>   Yes _____   No _____

**Note:** If your answer to Question Number 18 is No, please skip to Question Number 20. If your answer to Question Number 18 is Yes, proceed to Question Number 19.

19. Do you find from a preponderance of the evidence that the Plaintiff's negligence was a contributing legal cause of injury to the Plaintiff?

<u>Answer:</u>   Yes _____   No _____

**Note:** Proceed to Question Number 20.

20. Do you find from a preponderance of the evidence that Dr. Robert Weaver was negligent in how he treated the Plaintiff's symptoms following her implant surgery?

<u>Answer:</u>   Yes _____   No _____

**Note:** If your answer to Question Number 20 is No **AND** your answer to either Question Number 18 or Question Number 19 is No, please skip to Question Number 23. If your answer to Question Number 20 is No **AND** your answer to Question Number 19 is Yes, please skip to Question Number 22. If your answer to Question Number 20 is Yes, proceed to Question Number 21.

21. Do you find from a preponderance of the evidence that Dr. Robert Weaver's negligence was a contributing legal cause of injury to the Plaintiff?

Answer:    Yes _____    No _____

**Note:** If your answer to Question Number 21 is No **AND** your answer to either Question Number 18 or Question Number 19 is No, please skip to Question Number 23. If your answer to Question Number 21 is Yes, proceed to Question Number 22.

### VII. APPORTIONMENT OF FAULT

22. State the percentage of negligence which was a legal cause of injury to the Plaintiff that you apportion to:

| | |
|---|---|
| Plaintiff Virginia Redding | _____ % |
| Dr. Robert Weaver | _____ % |
| Defendant Coloplast Corp. | _____ % |

**Total must be 100%**

**Note:** If you did not answer Question 19 or your answer to Question 19 was No, please put "0" next to Plaintiff Virginia Redding. If you did not answer Question 21 or your answer to Question 21 was No, please put "0" next to Dr. Robert Weaver.

## VIII. Damages

23. What is the total amount of the Plaintiff's damages for pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect and loss of capacity for the enjoyment of life sustained in the past and to be sustained in the future?

**TOTAL DAMAGES**   $ _2.5 million_

## IX. Punitive Damages

24. Under the circumstances of this case, do you find by clear and convincing evidence that punitive damages are warranted against the Defendant?

Answer:   Yes _____   No __X__

**Note:** After answering Question Number 24, please have your foreperson sign and date this Verdict Form.

SO SAY WE ALL

_____   4/26/2022
Foreperson Signature           Date

_____
Print Name

Page **9** of 9